

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable A. W. Easterling
County Attorney
Jefferson County
Beaumont, Texas

Dear Sir:

Opinion No. O-2168
Re: Who assesses and collects
taxes for the support of a
union junior college dis-
trict?

We are in receipt of your letter of June 14, 1940, in
which you request our opinion as to whether the sections of
Article 2815h, Vernon's Texas Civil Statutes, which provide
for the manner of assessment and collection of taxes for
junior college districts, also apply to a union junior col-
lege district.

We shall not attempt to set out all the statutes bear-
ing upon this question, but will briefly refer to the perti-
nent statutes and their legislative history.

The original act authorizing the establishment of
junior colleges was enacted by the 41st Legislature, Regular
Session, House Bill 10, Chapter 290, page 648, and was
amended by Acts 1935, Ch. 67, p. 140 (Amending Secs. 17, 18,
19 and 20); Acts 1936, 3rd C.S., Ch. 460, p. 1990 and Acts
1937, Ch. 69, p. 134 (amending sections 4, 7, 9, 10, 11, 14
and 22). These enactments appear as Article 2815h, Vernon's
Texas Civil Statutes.

Section 1 provides that an independent school district
or a city which had assumed control of its schools may, under
certain conditions, "establish and maintain a Junior College,
with College District to be known as a Junior College Dis-
trict." Sections 2 and 3 provide the procedure whereby

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. E. W. Westerling, page 2

such district may be formed. The management and control of junior college districts is vested in the board of education of the district or city where the boundaries of the junior college district is the same or substantially the same as the independent district or city, such board to be governed by the general law applicable to independent school districts generally. (Sections 4 and 5) Section 7 authorizes a junior college district "created under this act" to issue bonds for the construction and equipment of buildings, levy taxes to service such bonds, levy and collect taxes for the support and maintenance of the junior college, provided that bonds should not be issued without a majority vote of the qualified voters of the junior college district. The board of education of the junior college is authorized, upon petition signed by 10 per cent of the qualified property taxpaying voters of the district, to order an election for the issuance of bonds and levying of taxes, such elections for issuance of bonds and levying of taxes to be governed by the general laws applicable to independent school districts in so far as the same are applicable, and, "provided the total amount of tax levied for junior college purposes shall never exceed twenty (20¢) cents on the $100 of property valuation." Under the original act the tax limitation was based upon the valuation fixed by the Equalization Board of the Commissioners' Court for State and county purposes, but by the 1937 amendment this was changed to the valuation fixed by the Board of Equalization for the junior college district. Sections 7a and 7b, which were added in 1937, read as follows:

"Sec. 7a. The assessor and collector of such junior college district shall assess the taxes and collect the same in the manner now provided by law for the collection of ad valorem taxes by county assessors and collectors and where there is not herein contained any specific provision or direction as to how anything connected with the assessment and collection of taxes shall be done, then the provisions of the General Law shall prevail. The board of education of said district shall have the power, and is hereby authorized to appoint three resident citizens of the said district to act as a board of equalization to equalize the values of all property subject to taxation in said district and said board shall qualify in the same manner and shall perform the same duties as is authorized to be performed by the board of equalization appointed by the city council of cities and towns incorporated under the General Laws of this State.

Hon. .. .. Easterling, page 3

"All taxes provided for by this Act shall become due and payable on the same date as the taxes in the independent school district provided the boundaries of the junior college district are coterminous with the independent school district. If the boundaries of the junior college district are not coterminous with the independent school district, then the taxes of said district shall become due and payable on the same date as is provided for taxes due to State and county. Said taxes shall be and remain a first and prior lien upon all the land and other property against which the same were assessed. In case such tax shall become delinquent there shall be added the same penalty and the same shall draw interest at the same rate and from the same date as is provided in case of taxes becoming delinquent to independent school districts under the General Laws. (Acts 1929, 41st Leg., p. 848, ch. 290, sec. 7a, as added Acts 1937, 45th Leg., p. 848, ch. 130, sec. 3.)

"Sec. 7b. In lieu of the manner of assessment and collection of taxes, as provided in Section 7a, the Board of Education of such Junior College District may provide for the assessment, equalization, and collection of taxes in the manner following, to-wit:

"(a) If the boundaries of said Junior College District shall be the same or substantially the same, as that of an Independent School District, having an Assessor and Collector of Taxes then such District may have the taxes of their District assessed and collected by the Assessor and Collector of Taxes of such Independent School District and have such taxes equalized by the Board of Equalization of such Independent School District.

"(b) Where a city has assumed control of its schools and uses the Assessor and Collector of Taxes appointed and paid by the city is hereby authorized to have their taxes assessed, equalized, and collected by the same Board that assesses, equalizes, and collects city taxes.

"(c) The Board of Education of such Junior College District, if they prefer to do so, may have the taxes of their District assessed and collected by the assessor and Collector of County

Hon. Å. W. Lesterling, page 4

Taxes in the County in which said District shall
be situated, or collected only by the Assessor
and Collector of County Taxes, and in such event,
such taxes shall be assessed and collected by said
County officers, as the case may be, and turned
over to the Treasurer of the Junior College Dis-
trict for which such taxes have been collected.
The property of such Districts having their taxes
assessed and collected by the Assessor and Col-
lector of County Taxes shall not be assessed at
a greater value than that assessed for County
and State purposes. If said taxes are assessed by
a Special Assessor of the Junior College District,
or shall be assessed by the Special Assessor of the
Independent School District in the manner above set
out and are collected only by the County Tax Col-
lector, the property of said District may be assessed
at a greater or less value than that assessed for
State and County purposes and the Assessor and Col-
lector of County Taxes in such cases shall accept
the rolls prepared by the Special Assessor or by
the Assessor of the Independent School District,
as the case may be, and approved by the Board of
Education, as provided in this Section. When the
Assessor and Collector of County Taxes is required
to assess and collect the taxes of a Junior College
District, he shall receive the same percentage as
for State and County Taxes."

Section 9 provides that the board of education of the
junior college district shall levy taxes for the districts,
and Section 10 contains provisions concerning assessment and
collection of taxes.

Section 17 provides that under certain circumstances,
"two or more contiguous independent school districts or two
or more contiguous common school districts, or a combination
composed of one or more independent school districts, with
one or more common school districts of contiguous territory
within the same county," may establish and maintain a union
junior college. It also provides that a county or a combina-
tion of contiguous counties may establish and maintain a
county or joint county junior college.

Sections 18 and 19 provide the procedure to be fol-
lowed in establishing a union junior college district, a

Hon. A. W. Easterling, page 5

county junior college district or a joint county junior college district, and authorize the submission of the question of levying taxes and issuing bonds at the same election at which its establishment is voted upon.

Section 20 provides that "A Union Junior College, a County Junior College, or a Joint County Junior College, shall be governed, administered and controlled by and under the direction of a Board of seven Junior College Trustees elected at large from the Junior College District by the qualified voters of said district," with such general powers as are therein enumerated.

Section 21 provides for the annexation of territory to a junior college district for junior college purposes only, and Section 22, prior to 1937, read as follows:

"All taxes levied for a County or Joint County Junior College District, shall be assessed by the County Tax Assessor or Assessors, and collected by County Tax Collector or Collectors who shall each month place such funds with the County Treasurer or Treasurers in the case of a Union Junior College District."

By the above cited amendment in 1937, this section was made to read as follows:

"Sec. 22. All taxes levied for a county or joint county junior college district shall be assessed and collected in the manner provided in Sections 7b and 7d and such Collector each month shall place such funds with the Treasurer of such county or joint county college district."

The question presented by your letter arises out of the fact that there appears, upon first examination, to have been an omission of any provision for the assessment and collection of taxes for a union junior college district, since sections 1 to 16 may be construed to be applicable only to a junior college district created under Section 1; that is, a junior college established by an independent school district or a city which has assumed control of its schools; and since section 22 in its present form makes no reference to a union junior college district. There would be some basis for such a construction if from a reading of the act as a whole it

811

appeared that the Legislature intended for Sections 1 through 16 to apply only to those districts created under Section 1, and intended to set out all of the provisions applicable to those districts created under Section 17, in Sections 18, 19, 20, 21 and 22. This, however, does not appear to be the legislative intent, for these last six sections do not in any way attempt to make separate and complete provision for the operation of districts formed under Section 17. These sections make no provision for voting bonds, other than at the original election, authorizing the levy of taxes or issuance of bonds, limitation upon the tax rate, the use of district funds, and other provisions which the Legislature would most certainly have provided had it been intended that the appropriate general provisions of the First 16 Sections should not be applicable to all types of junior college districts authorized to be created under the Act.

The only reference in the original act to the levy, assessment and collection of taxes, specifically applicable to districts created under Section 17, is found in Section 22 and does not purport to be complete within itself. It appears to be more in the nature of an exception from the general provisions for the purpose of providing a different procedure as to the matters therein covered. Amended Section 22 removes the exception and places county and joint county junior college districts under the same provisions applicable to junior college districts generally.

After careful consideration of the legislative provisions, authorizing the creation of junior college districts and their legislative history, we agree with the conclusions expressed in your letter of request and are of the opinion that those sections of Article 2815h, Vernon's Texas Civil Statutes, providing for the manner of assessment and collection of taxes for a junior college district also apply to a union junior college district.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Cecil C. Cammack_
Cecil C. Cammack
Assistant

CCC:N

APPROVED JUL 2, 1940

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE BY BWB CHAIRMAN